

ORDERED in the Southern District of Florida on August 2, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: | Case No. 09-12141-BKC-AJC |
| | Chapter 7 |
| AKRAM NIROOMAND, | |
|     Debtors. | |
| _____/ | |
| ALAN L. GOLDBERG, Trustee, | Adv. No. 11-1676-BKC-AJC-A |
|     Plaintiff, | |
| vs. | |
| GOLNAR GHOVANLOO, *et al*., | |
|     Defendants. | |
| _____/ | |

### ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT, GOLNAR GHOVANLOO

THIS MATTER came before the Court on June 12, 2012, on Plaintiff, Alan L. Goldberg, Trustee's Motion for Partial Summary Judgment. Having considered the record, the deposition transcripts and exhibits thereto, the initial Affidavit filed by

Defendant, Golnar Ghovanloo, and the Supplemental Affidavit, together with the exhibits to the affidavits, the Court denies Plaintiff's motion for summary judgment as there exists material issues of fact in dispute underlying the Plaintiff's fraudulent transfer claims.

## MATERIAL ISSUES OF FACT UNDERLYING PLAINTIFF'S FRAUDULENT TRANSFER CLAIMS

**I.     Facts relevant to Plaintiff's claim that the Debtor used $71,084.23 of her funds to make the mortgage payments for Golnar and Boix.**

The Plaintiff claims that, for the period of January 1, 2007 to December, 2008, the Debtor, with her own funds, made $71,084.23 of Golnar Ghovanloo's ("Golnar") and Jonathan Boix's ("Boix") home mortgage payments and seeks to avoid these transfers and recover a judgment from Golnar and Boix for this amount. To support this claim, the Plaintiff has attached as Composite Exhibit "F" to the Motion for Partial Summary Judgment (the "Motion"), the Debtor's Wachovia bank statements reflecting the mortgage payments made from that account and as Exhibit I, the Chase Home Finance Mortgage payment history.

In response, Golnar declared in her Affidavit in Opposition to the Motion (Doc. 73) that the funds used to make the mortgage payments came primarily from her funds in the TD Ameritrade account.[1] Of the $71,084.23 in mortgage payments the Plaintiff maintains the Debtor made from her funds, Golnar declared that she and her husband made $20,558.38 of the mortgage payments from their personal bank account. *See Golnar Aff. at ¶¶13 -15*. Golnar also gave the same testimony at her deposition. *See Golnar Dep. at pp. 17-18*, attached as Exhibit B to the Motion.

---

[1] Boix, who has been and is on active duty in the military service during the proceedings, also submitted an Affidavit (Doc 75) adopting Golnar's Affidavit.

In her Affidavit, Golnar attached as Exhibit "3", TD Ameritrade account statements reflecting check withdrawals of $107,947.00, during the period of September 29, 2005 to March 1, 2007, which she declared were deposited by the Debtor in one or a combination of the Debtor's three bank accounts at Wachovia.  *See Golnar Aff. at ¶¶22-23.*  Golnar maintains that the funds the Debtor withdrew from her TD Ameritrade account and the mortgage payments she and her husband directly made from their bank account totaling $128,505.38 were the funds used to make the challenged mortgage payments as well as to pay for Golnar's living expenses and those of her husband and children.  *See Golnar Aff. at ¶24.*  Golnar later clarified in the Supplemental Affidavit she filed (Doc.77) that the funds the Debtor withdrew from her TD Ameritrade account were either used to make the mortgage payments, or the Debtor treated as loans which she later repaid through the mortgage payments she made for Golnar.  *Golnar Supp. Aff. at ¶15.*

**II.     Facts relevant to Plaintiff's claim that the Debtor had a 50% interest in the TD Ameritrade account and, by removing her name from the account, transferred $47,359.84 to Golnar.**

The Plaintiff seeks to avoid and recover a judgment against Golnar for the transfer the Plaintiff claims was effectuated when the Debtor removed her name from the TD Ameritrade account in July 2007.  At the time the Debtor removed her name from the account, the value of the account was $94,719.68.  The Plaintiff maintains that $47,359.84 (50% of the $94,719.68) was transferred to Golnar when the Debtor removed her name from the account.  To support the claim that the Debtor owned 50% of the account, the Plaintiff points to the TD Ameritrade account application attached as Exhibit "J" to the Motion where, of the three types of accounts from which to choose, the Debtor and Golnar chose "Joint Tenants With the Rights of Survivorship."

In response, Golnar contends the Debtor did not have a beneficial or ownership interest in the TD Ameritrade account. Golnar declared in her Affidavit that the account was opened by the Debtor for her, as "custodian," when she was a minor and that the funds in the account when the Debtor removed her name from the account were hers. *See Golnar Aff. at ¶¶17-19.* To support her assertions that the account was opened by her mother, as custodian for her, Golnar attached to her Affidavit the TD Waterhouse statement reflecting the custodial status of the account as of December 29, 2000. *See Golnar Aff. at ¶17 and Ex. 2.*

Golnar also relies on the Nominee Agreement attached to her Affidavit which she declared was executed on the same date as the account application and which accompanied and was part of the application. *See Golnar Aff. at ¶¶18-19 and Composite Ex. 2.* According to the Nominee Agreement, the Debtor had no beneficial interest but rather only trading authority on the account and authority to pay Golnar's expenses. Golnar attached to her Affidavit a July 30, 2010 letter from TD Ameritrade reflecting the Debtor, as of April 3, 2004, had "Limited Trading Authority" on the account.

**III.    Facts relevant to Plaintiff's claim that the Debtor transferred $25,311.00 and $39,900.00 of her funds to the TD Ameritrade account.**

Finally, the Plaintiff seeks to avoid a transfer of $39,900.00 the Debtor made on October 22, 2007, to Golnar's TD Ameritrade account and to recover a judgment against Golnar for that amount. The Plaintiff also seeks to avoid a transfer the Debtor made on June 7, 2007 to Golnar's TD Ameritrade account and to recover a judgment against Golnar for that amount. To support this claim, the Plaintiff has attached to the Motion Exhibits G, K, and L, which are Golnar's TD Ameritrade account statements reflecting

the receipt of the $39,900.00 and the $25,311.00, and the checks made by the Debtor for those amounts from her accounts.

With respect to the challenged transfer for $25,311.00, Golnar relies on the letter she obtained from TD Ameritrade, dated February 23, 2011, reflecting that the $25,311.00 the Debtor transferred to her account was to cover a margin call. Golnar also states that she had not known of the deposit or the reason for it until recently. *See Golnar Aff. at ¶¶25-28 and Exhibit 4*. Golnar further declared that she understood the Debtor later reimbursed herself for the $25,311.00 she had deposited in the TD Ameritrade account to cover the margin call. *See Golnar Aff. at ¶28*. Finally, in her Affidavit, Golnar declared that the $39,000.00 the Debtor deposited in her TD Ameritrade account were funds obtained from a home equity line mortgage on her home and attached to her Affidavit the pertinent loan documentation. *See Golnar Aff. at ¶¶6-12, and Composite Ex. 1*.

## CONCLUSIONS OF LAW

The Plaintiff seeks partial summary judgment on the claims asserted in Counts I and VI of the Complaint, pursuant to Section 548 (a)(1)(A) of the Bankruptcy Code and Florida Statute §726.105(1)(a). The Plaintiff also seeks partial summary judgment on the claims asserted in Counts III, IV, and VII of the Complaint, pursuant to Section 548(a)(1)(b) of the Bankruptcy Code and the parallel Florida Statute §726.105(1)(b). To obtain a judgment as a matter of law, the Plaintiff must demonstrate that there are no genuine issues as to any of the material facts underlying the fraudulent transfer claims he asserts. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). Based upon the record, summary judgment is not warranted at this time.

Golnar has presented to this Court for consideration the Affidavits she filed in Opposition to the Motion, the exhibits to the Affidavits, the transcript of her deposition, as well as her responses to Plaintiff's Interrogatories. Because the standard for summary judgment requires this Court not to engage in credibility determinations and not to weigh the evidence, but rather to believe the evidence presented by Golnar and to draw all inferences in her favor, this Court, at this stage, cannot conclude there is no possibility that it cannot rule in favor of Golnar on the Plaintiff's claims or on her defenses to such claims. *Anderson,* 477 U.S. at 256 citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-159 (1970) (for purposes of summary judgment the non-moving party's evidence is to be believed and all justifiable inferences are to be drawn in favor of the non-moving party).

As a preliminary matter, this Court notes that the claims the Plaintiff asserts under Section 548(a)(1)(A) of the Bankruptcy Code and the parallel Florida law provisions require the Court to conclude that there is no genuine dispute that the Debtor made the challenged transfers with the actual intent to hinder, delay or defraud the estate and her creditors. This determination requires a fact finding process and does not lend itself to summary disposition under the facts presented in the record. While the Plaintiff cites to the presence of certain badges of fraud from which the Debtor's fraudulent intent may be inferred, the totality of the facts and the circumstances as they appear in the record preclude summary judgment. *Taylor v. Riverside-Franklin Prop. (In re Taylor)*, 228 B.R. 491, 498 (Bankr. M.D. Ga. 1998)

A threshold issue exists as to whether the Debtor had an interest, legal, beneficial or otherwise, in any of the funds or property allegedly transferred by the Debtor to

Golnar, such that by removing the funds or property from the reach of her creditors, the creditors' ability to recover on their claims was impaired and reduced. *Kapila v. WLN Family Ltd. P'ship (In re LeNeve)*, 341 B.R. 53, 57 (Bankr. S.D. Fla. 2006) (to prove a fraudulent transfer occurred, the plaintiff must prove that property transferred belonged to the debtor). For the reasons discussed, based upon the record presented and drawing all inferences from the record in favor of Golnar and Boix, there are material issues of fact precluding the summary resolution of this threshold issue in favor of the Plaintiff.

There are material issues of fact precluding the summary disposition of the claims asserted by the Plaintiff that the home mortgage payments of $71,084.23 the Debtor made for Golnar and Boix during the period of January 1, 2007 to December, 2008, are recoverable from Golnar and Boix as fraudulent. The Plaintiff has submitted evidence of automatic withdrawals from the Debtor's bank accounts reflecting payment of the Defendants' home mortgage, but Golnar declared she and her husband paid $20,558.38 of the mortgage payments from their personal bank account. Moreover, Golnar has presented her TD Ameritrade account statements reflecting check withdrawals by the Debtor, during the period of August 31, 2005 to July 18, 2008, of $107,947.00. Golnar maintains that the $107,947.00 the Debtor obtained from her were, in part, used by the Debtor to make the mortgage payments of $50,525.85, or were treated as loans which the Debtor later repaid by making the mortgage payments on her behalf.

There is no direct correlation between the dates all mortgage payments were made by the Debtor and the withdrawals from Golnar's TD Ameritrade account. Thus, issues remain regarding whether the funds withdrawn from the TD Ameritrade account were used to make the mortgage payments for Golnar. This determination involves a fact

finding process that is not capable of summary disposition. There are also issues of fact regarding whether the funds the Debtor withdrew from Golnar's TD Ameritrade account were loans to the Debtor which the Debtor later repaid by making the mortgage payments on her behalf. If the facts are as Golnar maintains, Golnar may defend herself from the Plaintiff's claims. 11 U.S.C. §550(b)(1) ("a trustee may not recover… from a transferee that takes for value, including satisfaction of securing of a present or antecedent debt, in good faith, and without knowledge of the avoidability of the transfer avoided").

Further, the Plaintiff claims that, by virtue of the Debtor's removal of her name from the TD Ameritrade account in July, 2007, he is entitled to $47,359.84 (representing 50% of the total portfolio value of the account at that time). The Plaintiff argues that when the TD Ameritrade account was opened, the application was signed by the Debtor and Golnar as "Joint Tenants with Rights of Survivorship". However, there exist issues of fact regarding the interest, beneficial or otherwise, the Debtor had in the account to justify the entry of a judgment against Golnar for the $47,359.84. From the account application, the Court cannot conclude that the Debtor had a 50% interest in the funds in the TD Ameritrade account. In making this determination, the Court has considered that the TD Ameritrade account was not just opened on April 6, 2004, but has a long history.

The TD Ameritrade account appears to have originally been opened by the Debtor when Golnar was a minor; and it appears the Debtor was custodian for Golnar on the account at the time. The funds or earnings in the account, according to Golnar, came from gifts to Golnar as well as from the Debtor's trading activity on the account. When Golnar reached the age of 21, the Debtor's "custodian status" changed and the account application at issue was executed to make the change. The account application was

apparently accompanied by a Nominee Agreement, executed by both the Debtor and Golnar, indicating and supporting Golnar's contention that the Debtor had no beneficial interest in the account and was simply nominated by Golnar to manage the account on her behalf and to pay for her expenses.

There are clearly unresolved material issues of fact regarding the nature and extent of the Debtor's interest in the account. This Court, therefore, cannot as a matter of law conclude that the Debtor had a 50% beneficial or ownership interest in the funds in the account at the time the Debtor removed her name therefrom.

There are also issues of material fact regarding the Plaintiff's claims that the Debtor transferred her own funds, in the amount of $25,311.00 and $39,000.00, to Golnar's TD Ameritrade account on June 7, 2007 and October 22, 2007 fraudulently or for less than equivalent value. Issues of fact exist as to whether the Debtor deposited the $25,311.00 into Golnar's TD Ameritrade account to cover a margin call and whether the Debtor was aware of the GAIC lawsuit prior to the transfer. Under these circumstances, questions of fact remain as to the intent of the Debtor when the transfer was made. Moreover, Golnar states in her Affidavit that she understands the Debtor reimbursed herself for the $25,311.00 she paid for the margin call.

Additionally, the $39,900.00 the Debtor deposited in Golnar's TD Ameritrade account is argued to be Golnar's and not the Debtor's funds, because the $39,900.00 came from a home equity line of credit on Golnar's home. The Plaintiff counters that at least one-half of the $39,900.00 should be determined to be the funds of the Debtor because the Debtor's name appeared on title to the home. The Court is not persuaded

that, upon summary judgment, it can determine that the home equity loan was not obtained solely by the Defendant Golnar with respect to her interest in the property.

Based upon the record and the applicable standard for summary judgment, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment is DENIED.

###

Submitted by:
Juan C. Zorrilla, Esq.
Zorrilla & Associates, P.L.
Counsel for Golnesa Ghovanloo
2600 Douglas Road, PH-10
Coral Gables, FL 33134

Copies to:
Juan C. Zorrilla (Attorney Juan C. Zorrilla is directed to serve a copy of this Order upon all parties in interest and to file a certificate of service)